UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EDDIE BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | NO. 3:05-CV-225 PS |
| vs. | ) | |
| | ) | |
| ZETTIE COTTON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

*Pro se* Petitioner Eddie Brown filed a petition seeking relief under 28 U.S.C. § 2254. Brown's petition is governed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons set forth below, Brown's petition is denied.

**I. PROCEDURAL HISTORY**

On February 1, 1984, Brown was convicted by a jury of three counts of murder and one count of arson, and was sentenced to 200 years in prison. (Pet. at 1, 2.) Brown appealed his conviction to the Indiana Supreme Court. *See Brown v. State*, 503 N.E.2d 405 (Ind. 1987). He raised three issues in the Indiana Supreme Court: (1) that the trial court improperly admitted his confession at trial; (2) that the trial court improperly admitted four photographs of the victims' bodies; and (3) that the evidence was not sufficient to sustain his conviction. *Id.* at 407. On February 5, 1987, the Indiana Supreme Court affirmed Brown's conviction. *Id.* at 410.

On December 5, 2002, Brown filed a motion for post conviction relief with the Superior Court of Lake County. (Pet. at 3.) He raised five issues in the petition. First, he alleged that the charging information was defective. (*Id.*) Second, he challenged the voluntariness of his

statement to police. (*Id.*) Next, he alleged prosecutorial misconduct. (*Id.*) Finally, he claimed ineffective assistance of both trial and appellate counsel. (*Id.*) The post-conviction court denied the petition on May 7, 2004. (*Id.*) Brown claims that he did not appeal this decision due to a five-month prison lockdown that prevented him access to the law library. (*Id.* at 5.)

In April, 2005, Brown filed a petition for Writ of Habeas Corpus, which is currently before the Court. In this Petition, Brown alleges eight grounds for appeal: (1) defective charging information; (2) trial court error in determining the voluntariness of his confession; (3) prosecutorial misconduct; (4) ineffective assistance of trial counsel; (5) ineffective assistance of appellate counsel; (6) improper admission of his confession at trial; (7) improper admission of photographs of the victims' bodies; and (8) sufficiency of the evidence, specifically that the State relied on his illegal confession and that blood evidence known at the time of the trial constitutes "newly discovered" evidence because Indiana began to recognize DNA evidence in 1991.

## II.  DISCUSSION

Before addressing the claims in the petition, the Court must first decide whether the petition is timely. 28 U.S.C. § 2244(d), as amended by the AEDPA, sets a high hurdle for habeas relief. *See Abrams v. Barnett*, 121 F.3d 1036, 1037 (7th Cir. 1997) (noting that the AEDPA created "additional obstacles" for prisoners seeking a writ under the amended § 2254). This section imposes a one-year statute of limitations for state prisoners seeking habeas corpus relief. Specifically, § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of

2

        direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* Furthermore, prisoners, like petitioner Brown, whose convictions became final prior to AEDPA's enactment on April 24, 1996, had a one-year grace period in which to file a federal habeas corpus petition. *See Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). And as noted above, § 2244(d)(2) tolls the statute of limitations for a federal habeas petition when there is a pending state post-conviction petition.

     Since Brown's conviction became final on February 5, 1987, he had the benefit of the grace period and could have timely filed his habeas petition in federal court at any time up until April 24, 1997. *See Newell*, 283 F.3d at 833. He did not, however, file his federal habeas petition until April, 2005 – eight years later. Brown nevertheless knew or could have known about claims one through seven prior to April 1997. He also failed to file a state post-conviction petition prior to April 1997. (He filed his state petition in December 2002.) Brown's petition is therefore time-barred with respect to his first seven claims.

3

Claim eight requires a slightly different analysis.  Brown makes two assertions under this claim that the evidence was insufficient to sustain his conviction.  First, Brown claims that the State relied on his illegal confession.  For the same reasons given for claims one through seven, this part of claim eight is time-barred.

Second, Brown asserts that blood evidence was found at the scene but not tested because Indiana at the time of his trial did not recognize the validity of DNA evidence.  (Pet. at 10-D; 6/2/05 Pet. Resp. at 8.)  Brown asserts that this evidence constitutes newly discovered evidence and supports a claim of actual innocence.  (6/2/05 Pet. Resp. at 9.)  But he is incorrect.

According to Brown's own assertion, Indiana began to recognize the validity of DNA evidence in its judicial proceedings in 1991.  (*Id.* at 8.)  This was well within the period during which Brown could have filed his federal habeas petition (or for that matter, filed a state habeas petition which would have tolled the federal statute of limitations while it was pending).  Moreover, Brown knew of this factual evidence at the time of trial, and as such, it is not "newly discovered."  *See Johnson v. Briley*, 03 C 4571, 2005 WL 309537, at *3 (N.D. Ill. Feb. 7, 2005) (finding that a legal basis cannot serve as a "newly discovered 'factual predicate'" to extend the start of the limitations period) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) and *Escamilla v. Walls*, 00 C 3270, 2004 WL 2339321, at * 2 (N.D. Ill. Oct. 14, 2004)).

Brown also claims that his petition is not time-barred because he is actually innocent.  But again he is wrong.  An actual innocence claim is subject to § 2244(d)(1)(D) and therefore must show that "the factual predicate could not have been discovered earlier, *and* [that] the prisoner shows actual innocence by clear and convincing evidence."  *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) (emphasis in original).  Therefore, "[a]ctual innocence without

4

a newly discovered claim does nothing at all." *Id.* Here, as previously noted, Brown has no newly discovered claim. Specifically, he failed to "exercise[] due diligence in bringing to the federal courts the facts which he claims show he is innocent." *Araujo v. Chandler*, 435 F.3d 678, 681 (7th Cir. 2005). Furthermore, as the Seventh Circuit has held, "actual innocence is not a freestanding exception" to the time limits imposed by § 2244. *Id.* at 682. Thus, his only chance at keeping his claim in federal court was by proving due diligence as required by § 2244(d)(1)(D). As stated, he did not do so. Accordingly, Brown's actual innocence claim must fail. Because Brown did not file his federal habeas petition in a timely fashion on this claim, it is also time-barred.

### III.  CONCLUSION

For the reasons stated above, Brown's petition is untimely. Accordingly, the Court **DENIES** Brown's Petition for relief under 28 U.S.C. §2254.

**SO ORDERED.**

ENTERED: October 27, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

5